IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARY A. MAYS, <br> 455 E. 520th Ave <br> Pittsburg, Kansas 66762 <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF COUNTY <br> COMMISSIONERS OF <br> CRAWFORD COUNTY, KANSAS, <br> Serve by Certified Mail <br> Don Pyle, Clerk <br> Crawford County Courthouse <br> 111 E. Forest <br> Girard, KS, 66743 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. |

## COMPLAINT

Plaintiff Mary Mays, for her causes of action against defendant Board of County Commissioners of Crawford County, Kansas, states and alleges as follows:

1. Plaintiff is a female individual and a resident of Pittsburg, Kansas. She was born in 1957.

2. Defendant Board of County Commissioners for Crawford County, Kansas is organized under the laws of the State of Kansas and may be served by service on the County Clerk.

3. Plaintiff was subjected to age discrimination by her former

employer when defendant terminated plaintiff's employment because of her age.

4. This case arises under the Age Discrimination in Employment Act, 29 U.S.C. 621, et seq., (ADEA) making jurisdiction appropriate in this Court.

5. Venue is proper in this Court as plaintiff was subjected to unlawful discrimination in this judicial district and would have continued working in this judicial district but for the unlawful discrimination.

6. Defendant is an "employer" within the meaning of the ADEA. Defendant currently employs, and during all relevant times has employed, 20 or more persons.

7. Plaintiff was employed by defendant as a Deputy Sheriff from 1995 through October 27, 2017. At all times, she met the legitimate job expectations of his employer.

8. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against defendant.

9. On or about May 15, 2018, the EEOC issued plaintiff a Notice of Right to Sue.  This Complaint is filed within 90 days of plaintiff's receipt of the Notice of Right to Sue.

10. The charge of discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad

as the scope of an EEOC investigation that could reasonably be expected to have grown out of the charge of discrimination.

11.     Defendant terminated plaintiff because of her age; but for her age, she would not have been terminated.

12.     Plaintiff failed to pass a firearms test in the fall of 2017. Plaintiff has repeatedly passed these types of tests in the past.

13.     Upon information and belief, defendant has allowed other younger employees to retake such tests at later dates until they passed. Plaintiff was not allowed to retake the test on another date.

14.     Instead, the sheriff terminated plaintiff's employment and stated that he was doing so because she was too "old" and too "feeble" to do the job.

15.     Plaintiff was 59 years old at the time of her termination. One or more younger employees took over her duties.

16.     Younger employees with similar performance and skills were not terminated.

17.     Defendant's stated reasons for plaintiff's termination are pretextual and are not the true reasons for the termination.

18.     As a direct and proximate result of defendant's actions and termination of plaintiff's employment, plaintiff has sustained damages in the form of lost income.

19. Defendant's conduct was willful in that it knew age discrimination was against the law when it violated the rights of plaintiff.

WHEREFORE, plaintiff prays the Court enter judgment in her favor and against defendant, for such damages, as are fair and reasonable, including back pay, liquidated damages, for her reasonable attorneys' fees and costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable herein.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas, as the place of trial.

**THORNBERRY BROWN, LLC**

By: /s/ Stephen C. Thornberry
Stephen C. Thornberry    KS #17494
s*teve@ThornberryBrown.com*
Randall W. Brown    KS #17905
*randy@ ThornberryBrown.com*
4550 Main Street, Suite 205
Kansas City, Missouri 64111
(816) 531-8383 *telephone*
(816) 531-8385 *facsimile*
ATTORNEYS FOR PLAINTIFF